McGREGOR W. SCOTT
United States Attorney
KRISTIN S. DOOR, SBN 84307
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916)554-2723

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:07-CV-00452-FCD-DAD |
| Plaintiff, | **FINAL JUDGMENT OF FORFEITURE** |
| v. | |
| APPROXIMATELY $15,630.00 IN U.S. CURRENCY, | |
| APPROXIMATELY $8,000.00 IN U.S. CURRENCY, | |
| APPROXIMATELY $12,639.97 IN MONEY ORDERS, | |
| APPROXIMATELY $60,517.00 IN U.S. CURRENCY, | |
| APPROXIMATELY $14,271.00 IN U.S. CURRENCY, | |
| APPROXIMATELY $90,000.00 IN U.S. CURRENCY, | |
| APPROXIMATELY $1,820.50 IN MONEY ORDERS, AND | |
| MISCELLANEOUS SMOKELESS TOBACCO PRODUCTS, | |
| Defendants. | |

    Pursuant to the Stipulation for Final Judgment of

1

Forfeiture, the Court finds:

1. This is a civil forfeiture action against Approximately $15,630.00 in U.S. currency; Approximately $8,000.00 in U.S. currency; Approximately $12,639.97 in Money Orders; Approximately $60,517.00 in U.S. currency; Approximately $14,271.00 in U.S. currency; Approximately $90,000.00 in U.S. currency; Approximately $1,820.50 in Money Orders, and Miscellaneous smokeless tobacco products (hereafter the "defendant properties") seized from claimants on or about October 17, 2006, by the Bureau of Alcohol, Tobacco, Firearms, and Explosives.

2. A Complaint for Forfeiture In Rem (hereafter "Complaint") was filed on or about March 7, 2007, seeking the forfeiture of the defendant properties, alleging that said properties are subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C), and 18 U.S.C. § 2344(c).

3. On or about March 8, 2007, the Clerk issued a Warrant for Arrest of Articles In Rem for the defendant properties, and that warrant was duly executed on March 13 and 21, 2007.

4. On or about March 20, 2007, copies of the Complaint, Warrant for Arrest, Application and Order for Publication, Order Requiring Joint Status Report and court notices were personally served on Jawid Wahidi and were served on Sadiq Wahidi through his wife.  On March 20, 2007, the above-listed documents were sent by certified mail number 7001 2510 0002 8346 9086 to claimants' attorney David A. Katz.

5. On April 6, 13, and 20, 2007, a Public Notice of Arrest of the defendant properties appeared by publication in the

1  <u>Metropolitan News-Enterprise</u>, a newspaper of general circulation
2  in the county in which the defendant properties were seized (Los
3  Angeles).  On April 19, 2007, a Public Notice of Arrest of the
4  defendant properties appeared by publication in the <u>Orange City
5  News</u>, a newspaper of general circulation in the county in which
6  the defendant properties were seized (Orange).  The Declarations
7  of Publication were filed with the Court on May 8 and June 11,
8  2007.

9       6.   Claimants filed a Claim and an Answer to the Complaint
10 on April 5, 2007, to the defendant properties.  No other parties
11 have filed claims or answers in this matter, and the time for
12 which any person or entity may file a claim and answer has
13 expired.

14      7.   Claimants represent and warrant that they are the sole
15 owners of the defendant properties.

16      Based on the above findings, and the files and records of
17 the Court, it is hereby

18      ORDERED AND ADJUDGED:

19      1.   The Court adopts the Stipulation for Final Judgment of
20 Forfeiture entered into by and between the parties to this
21 action.

22      2.   Judgment is hereby entered against claimants Jawid
23 Wahidi, LMS International, Inc., Sadiq Wahidi, and LA
24 International, Inc., and all other potential claimants who have
25 not filed claims in this action.

26      3.   Upon entry of this Final Judgment of Forfeiture, 80% of
27 the following funds, together with any interest that may have
28 accrued on those funds, and the miscellaneous smokeless tobacco

1 products, shall be forfeited to the United States pursuant to 18
2 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C), and 18 U.S.C. § 2344(c), to
3 be disposed of according to law:
4       a.   Approximately $15,630.00 in U.S. currency,
5       b.   Approximately $8,000.00 in U.S. currency,
6       c.   Approximately $12,639.97 in Money Orders,
7       d.   Approximately $60,517.00 in U.S. currency,
8       e.   Approximately $14,271.00 in U.S. currency,
9       f.   Approximately $90,000.00 in U.S. currency, and
10       g.   Approximately $1,820.50 in Money Orders.
11     4.   Upon entry of this Final Judgment of Forfeiture, but no
12 later than 45 days thereafter, 20% of the following funds,
13 together with any interest that may have accrued on those funds,
14 shall be returned to claimants:
15       a.   Approximately $15,630.00 in U.S. currency,
16       b.   Approximately $8,000.00 in U.S. currency,
17       c.   Approximately $12,639.97 in Money Orders,
18       d.   Approximately $60,517.00 in U.S. currency,
19       e.   Approximately $14,271.00 in U.S. currency,
20       f.   Approximately $90,000.00 in U.S. currency, and
21       g.   Approximately $1,820.50 in Money Orders.
22    The funds to be returned to claimants shall be referred to
23 as "the settlement amount" and shall be distributed as follows:
24 Seventy-five percent (75%) of the settlement amount shall be
25 returned to claimant Sadiq Wahidi.  The U.S. Marshals Service
26 shall issue a check for that amount made payable to Sadiq Wahidi
27 and David A. Katz and Associates.  Twenty-five percent (25%) of
28 the settlement amount shall be returned to claimant Jawid Wahidi.

1  The U.S. Marshals Service shall issue a check for that amount
2  made payable to Jawid Wahidi and David A. Katz and Associates.
3  The U.S. Marshals Service shall send both checks to David A. Katz
4  and Associates, 433 North Camden Drive, Suite 600, Beverly Hills,
5  California 90210.  Claimants are entitled to interest on the
6  settlement amount from the date of seizure, October 17, 2006,
7  until the date the U.S. Marshal issues the settlement checks.

8       5.  Plaintiff United States of America and its servants,
9  agents, and employees and all other public entities, their
10 servants, agents, and employees, are released from any and all
11 liability arising out of or in any way connected with the arrest,
12 seizure or forfeiture of the defendant properties.  This is a
13 full and final release applying to all unknown and unanticipated
14 injuries, and/or damages arising out of said arrest, seizure or
15 forfeiture, as well as to those now known or disclosed.  The
16 parties waive the provisions of California Civil Code § 1542.

17      6.  Pursuant to the stipulation of the parties, and
18 allegations set forth in the Complaint for Forfeiture <u>In</u> <u>Rem</u>
19 filed March 7, 2007, the Court finds that there was reasonable
20 cause for the seizure and arrest of the defendant properties, and
21 a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465
22 shall be entered accordingly.

23      7.  All parties are to bear their own costs and
24 attorneys' fees, if any.

25      SO ORDERED THIS 31st day of October, 2008.

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

5

CERTIFICATE OF REASONABLE CAUSE

Pursuant to the Stipulation for Final Judgment of Forfeiture filed herein, and the allegations set forth in the Complaint for Forfeiture <u>In</u> <u>Rem</u> filed March 7, 2007, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure and arrest of the defendant properties.

Dated: October 31, 2008

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE